UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KEVIN JAMES,

      Plaintiff,

    v.

FEDERAL EXPRESS CORPORATION, a
corporation based in Tennessee; JOHN DOE, an
individual

      Defendants.

FEDERAL EXPRESS CORPORATION, a
corporation based in Tennessee,

      Third Party Plaintiff,

    v.

RICKY JACKSON,

      Third Party Defendant.

Case No. 3:24-cv-01487-YY

FINDINGS AND
RECOMMENDATIONS

Plaintiff Kevin James, proceeding pro se, filed this negligence action against Federal

Express Corporation ("FedEx") and its driver, John Doe[1], seeking damages for injuries plaintiff

---

[1] In his Second Amended Complaint, plaintiff identified the driver as "non-party Brian Damm." Second Am. Compl. 2, ECF 21. Plaintiff did not add Damm as a defendant to this case or serve him. Moreover, the deadline for joining parties has expired. ECF 17. "John Doe defendants who are never identified or served are never made parties to the action." 59 Am. Jur. 2d Parties § 2. Thus, the only remaining defendant in this case is FedEx.

1 – FINDINGS AND RECOMMENDATIONS

allegedly sustained in a vehicular collision on December 16, 2022. Plaintiff alleges that he was riding as a passenger in the back seat of a minivan driven by third party defendant Ricky Jackson when a FedEx van collided with the minivan. Currently pending is FedEx's Motion for Summary Judgment (ECF 40), which should be granted for the reasons stated below.

## I.    Implicit Request for Extension of Discovery Deadline

When this case was filed, plaintiff was represented by counsel. Plaintiff's counsel withdrew from the case on October 22, 2025. The following day, the court provided plaintiff with a Notice to Self-Represented Litigants. ECF 34. The notice advised plaintiff: "Deadlines are important. You must comply with them. Request an extension of time prior to the expiration of a deadline." *Id.* Discovery thereafter closed on December 1, 2025, without any request for extension by plaintiff.

FedEx timely filed its motion for summary judgment on April 17, 2026, and plaintiff did not file a written response. Instead, plaintiff sent the court an email with the subject line, "This is my reply to the summary judgment[.]" Reply, Ex. 1 at 1, ECF 44. In his email, plaintiff stated that he had attempted to contact third-party defendant Ricky Jackson "who was [] supposed to reply to [him] with a written statement. But [plaintiff] [has not] heard from him in the last week." *Id.* Notably, Jackson did not respond to FedEx's third-party complaint, and a default was entered against him. ECF 15, 18. Plaintiff also attached a letter to his email stating that he "continue[s] to experience the impact of [his] injuries, and [he] should not be expected to carry medical expenses and a lifetime of pain without accountability from the responsible party." Reply, Ex. 1 at 2, ECF 44.

2 – FINDINGS AND RECOMMENDATIONS

As a threshold matter, the court construes plaintiff's email as an implicit request for more time to conduct discovery.[2] The Ninth Circuit has held that "[a] district court should continue a summary judgment motion upon a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment." *State of Cal., on Behalf of California Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The party seeking an extension must show by affidavit: (1) the specific facts it hopes to elicit from further discovery; (2) the facts that the party seeks exist; and (3) the sought-after facts are "essential" to resist the summary judgment motion. *Id.* Failure to comply "is a proper ground for denying discovery and proceeding to summary judgment." *Id.* (internal citation omitted).

Additionally, because the deadline to complete fact discovery expired on December 1, 2025, plaintiff's request is governed by Federal Rule of Civil Procedure 16(b)(4), which requires "good cause" to modify a scheduling order. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not

---

[2] The Ninth Circuit upholds a "policy of liberal construction in favor of pro se litigants." *Munk v. CitiMortgage, Inc.*, No. 3:13-CV-01842-HA, 2014 WL 4059136, at *1 (D. Or. Aug. 14, 2014) (quoting *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.1998)). "Litigants have a statutory right to self-representation in civil matters … and are entitled to meaningful access to the courts." *Id.* (collecting cases). Thus, although "[p]ro se litigants must follow the same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012), the court "tolerate[s] informalities from civil pro se litigants." *Rand*, 154 F.3d at 957. Accordingly, despite the procedural defect of plaintiff's request, the court considers the merits. *See also McCollough v. Portland State Univ.*, No. 3:23-CV-01582-AR, 2024 WL 4950337, at *1 n.1 (D. Or. Dec. 2, 2024).

compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citation omitted).

Here, plaintiff did not submit an affidavit. But even if the court were to overlook that defect, plaintiff has not made the requisite showing that a continuance should be granted. The parties had several months to complete fact discovery and the court extended the deadline twice, from May 30, 2025, to September 30, 2025, and then again to December 1, 2025. ECF 25, 29. Despite the extensions, there is no record that plaintiff took any depositions or otherwise acted diligently in pursuing discovery.

Moreover, plaintiff's email to the court does not explain what facts Ricky Jackson's written statement would establish or how those facts are "essential" to resist the motion for summary judgment. *See Haines v. Honolulu Shipyard, Inc.*, 125 F. Supp. 2d 1020, 1034 (D. Haw. 2000) (denying additional time to complete discovery where the plaintiff "has neither set forth what specific additional information he is seeking nor explained how any additional information would possibly preclude summary judgment"); *see also Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751 (9th Cir. 2001) (holding that the district court did not abuse its discretion in refusing the plaintiff's request for more time for discovery when the plaintiff raised his request in his opposition brief rather than through a proper Rule 56 request). Moreover, plaintiff has had over three months since the motion for summary judgment was filed to obtain Jackson's written statement and has failed to do so. Therefore, the court turns to the merits of FedEx's motion for summary judgment.

//

//

//

4 – FINDINGS AND RECOMMENDATIONS

## II.    Summary Judgment Motion

### A.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (simplified).

In determining what facts are material, the court considers the underlying substantive law regarding the claims. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Otherwise stated, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Id*. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id*. at 248-49; *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996) ("If a rational trier of fact could, on all the evidence, find that the employer's action was taken for impermissibly discriminatory reasons, summary judgment for the defense is inappropriate."). A "scintilla of evidence" or "evidence that is merely colorable or not significantly probative" is insufficient to create a genuine issue of material fact. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are

5 – FINDINGS AND RECOMMENDATIONS

resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu*, 198 F.3d at 1134 (citation omitted).

### B.     Discussion

FedEx asserts it is entitled to summary judgment because there is no evidence in the record to support plaintiff's claim of negligence. Under Oregon law, common-law negligence requires:

> (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent.

*Solberg v. Johnson*, 306 Or. 484, 490-91 (1988), *abrogated on other grounds by Deckard v. Bunch*, 358 Or. 754 (2016). "In other words, negligence requires a finding that the defendant's conduct 'unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff.'" *Relloque v. City of W. Linn*, No. 3:22-CV-01781-SI, 2025 WL 919443, at *8 (D. Or. Mar. 26, 2025) (quoting *Fazzolari By & Through Fazzolari v. Portland Sch. Dist. No. 1J*, 303 Or. 1, 17 (1987)).

Plaintiff has produced no evidence in response to FedEx's motion for summary judgment to show that FedEx acted unreasonably. Based on the record, the undisputed facts are as follows: On December 16, 2022, Jackson picked up plaintiff and another individual, Fam Twain, in his minivan to go metal scrapping. Mot. Summ. J., Ex. 1 ("James Dep.") at 48, 50, ECF 40-1. Thereafter, they went to a bar called The Lariat Lounge, where they ate and drank. *Id.* at 50. Plaintiff consumed several alcoholic drinks—two Jamesons and two beers—in about an hour. *Id.* at 54-55. Jackson also had at least one drink during that time. *Id.* at 54. After leaving the bar,

6 – FINDINGS AND RECOMMENDATIONS

they made one other stop and then got back into the minivan for Jackson to take them home. *Id.* at 62-63. Plaintiff sat in the back, behind the driver's seat. *Id.* at 67. During that drive, the minivan collided with the FedEx van. *Id.* at 71.

Plaintiff concedes that, because he was impaired and sitting in the back of the van, he was not paying attention when the collision occurred. *Id.* He does not know how fast Jackson was driving or whether Jackson was speeding. *Id.* at 72-73. Plaintiff also did not see the FedEx van before impact and does not know when the van entered the roadway. *Id.* at 76, 81. From these undisputed facts, no rational trier of fact could conclude that the FedEx driver acted unreasonably.

Where there is no evidence that FedEx acted unreasonably, plaintiff cannot prove that FedEx's unreasonable conduct caused his alleged injuries. Moreover, there is evidence in the record that plaintiff had some pre-existing injuries of a similar nature.

To prove causation, the plaintiff must "prove an actual causal link between the defendant's conduct and the plaintiff's harm—that is, the plaintiff must prove 'cause in fact.'" *Relloque*, 2025 WL 919443 at *8 (quoting *Towe v. Sacagawea, Inc.*, 357 Or. 74, 87 (2015)). In other words, plaintiff must establish "that *but for* the negligence of the defendant, the plaintiff would not have suffered the harm that is the subject of the claim." *Id.* (quoting *Hammel v. McCulloch*, 296 Or. App. 843, 851 (2019)) (emphasis in original). Furthermore, "[w]hen the element of causation involves a complex medical question, as a matter of law, no rational juror can find that a plaintiff has established causation unless the plaintiff has presented expert testimony that there is a reasonable medical probability that the alleged negligence caused the plaintiff's injuries." *Hudjohn v. S&G Mach. Co.*, 200 Or. App. 340, 351 (2005) (internal

7 – FINDINGS AND RECOMMENDATIONS

quotation omitted). Exceptions to the rule of expert testimony "have been limited to cases of simple injuries, generally without a substantial possibility of alternative causation." *Id.* at 353.

In response to the motion for summary judgment, plaintiff has produced no expert testimony regarding what caused the alleged, complex injuries to his neck, back, and right shoulder, including a torn rotator cuff. Second Am. Compl. ¶ 11, ECF 21. The record reflects that plaintiff visited a chiropractor at least twice after the accident. *See* Mot. Summ. J., Ex. 3,4, ECF 40-3, 40-4. He also had medical appointments in 2023 and underwent surgery in 2024. *Id.*, Ex. 2, 5, 6, ECF 40-2, 40-5, 40-6. But plaintiff also testified that he was already experiencing lower back and leg pain before the accident. James Dep. at 111-12, ECF 40-1. He had experienced back pain since 2009, when he "fell off the rear end of [his] truck-trailer[.]" *Id.* at 110. On this record, no rational trier of fact could conclude that FedEx caused plaintiff's alleged injuries.

Finally, plaintiff's negligence claim fails because he has offered no evidence of damages. In a negligence claim, "[p]roof of damage [is] an essential part of the plaintiff's case." *Lowe v. Philip Morris USA, Inc.*, 344 Or. 403, 410 (2008). "Proof of damages is required because 'the purpose of a tort action is to compensate for loss sustained and to restore the plaintiff to his former position.'" *Weinberg*, 241 F.3d at 751–52 (quoting Restatement (Second) of Torts § 549(2) cmt. g (1977)). To survive summary judgment, a plaintiff must "provide evidence such that the jury is not left to 'speculation or guesswork' in determining the amount of damages to award." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 808 (9th Cir. 1988).

In his complaint, plaintiff alleges that he "incurred economic damages for past medical expenses in the amount of $120,000," and may incur future medical expenses and other out-of-pocket expenses of $30,000. Second Am. Compl. ¶ 12, ECF 21. He also alleges lost wages of

8 – FINDINGS AND RECOMMENDATIONS

$75,000 and noneconomic damages of $1,000,000. *Id.* ¶¶ 13-14. But plaintiff has not submitted any evidence to support his claimed past medical expenses, identified what future treatments he contends are necessary, or provided proof to support lost wages. Although plaintiff is not necessarily required to present expert testimony on these points[3], he must provide some evidence from which a factfinder could reasonably estimate damages without resorting to speculation or guesswork.

In sum, even when the record is viewed in the light most favorable to plaintiff, there are no genuine issues of material fact and FedEx was not negligent as a matter of law. Therefore, FedEx is entitled to summary judgment.

### RECOMMENDATIONS

Defendants' Motion for Summary Judgment (ECF 40) should be granted and this case should be dismissed with prejudice.

### SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due Monday, August 24, 2026. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

---

[3] Expert testimony is not always essential in assisting a jury to determine damages. "[L]ay persons may be able to determine 'past wage loss and medical expenses' without the assistance of an expert[.]" *Michaels v. Taco Bell Corp.*, No. 3:10-CV-01051-AC, 2013 WL 12318545, at *2 (D. Or. Apr. 19, 2013); *see also Tucker v. Wright Med. Tech., Inc.*, No. 11-CV-03086-YGR, 2013 WL 1149717, at *17 (N.D. Cal. Mar. 19, 2013) (holding that expert testimony was not necessary to determine damages for loss of consortium); *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1348 (9th Cir. 1987) (holding that "expert testimony is not required to prove what the plaintiff would receive in future earnings and raises").

9 – FINDINGS AND RECOMMENDATIONS

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED August 3, 2026.

                                                    /s/ Youlee Yim You
                                               Youlee Yim You
                                               United States Magistrate Judge

10 – FINDINGS AND RECOMMENDATIONS